110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Armando Arias MONTES de OCA, Defendant-Appellant.
 No. 96-30173.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1997.*
Decided March 26, 1997.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Armando Arias Montes de Oca ("the defendant") appeals his conviction for conspiracy to distribute methamphetamine (21 U.S.C. § 846) and possession with intent to distribute methamphetamine (21 U.S.C. § 841(a)(1)). We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 A. The January Drug Delivery
 
 3
 We review the district court's decision to admit Rule 404(b) evidence for an abuse of discretion, but the question of whether the evidence was "other crimes" evidence within the meaning of 404(b) is a question of law reviewed de novo. United States v. Jackson, 84 F.3d 1154, 1158-59 (9th Cir.), cert. denied, 117 S.Ct. 445 (1996). The evidence of the defendant's January 1995 transportation of illegal drugs to Great Falls was "other crimes" evidence under 404(b), but the district court did not abuse its discretion in admitting it at trial.
 
 
 4
 The district court's ruling that the January trip was admissible as direct evidence of the conspiracy or admissible as a continuation of the illegal activity charged in the indictment was incorrect. The January 1995 incident fell outside of the specific dates defining the conspiracy charged in the indictment and therefore could not constitute direct evidence of the conspiracy. This is not a case where the indictment charged that the conspiracy began "at a time unknown" and continued to a definite point in time. United States v. Lai, 944 F.2d 1434, 1439 (9th Cir.1991), cert. denied, 502 U.S. 1062 (1992).
 
 
 5
 This is also not a case where the January trip was "inextricably intertwined" with the conduct of the conspiracy alleged in the indictment. United States v. Williams, 989 F.2d 1061, 1070 (9th Cir.1993). In this case, the two trips to Great Falls transporting illegal drugs occurred six months apart and had nothing to do with one another. It is true that the two trips involved the same people, activity, and destination, but the two events cannot be said to constitute "a single criminal episode." Id. Therefore, the evidence of the January trip is "other crimes" evidence subject to the dictates of Rule 404(b).
 
 
 6
 The January 1995 trip tends to prove the material elements of knowledge and intent in the charges contained in the indictment. See, e.g., Jackson, 84 F.3d at 1159; United States v. Basinger, 60 F.3d 1400, 1408 (9th Cir.1995). Contrary to the defendant's claims that he had no advance notice of this evidence, the January 1995 incident was contained in the written statement prepared by the confidential DEA informant and was part of a statement prepared by DEA agent Gale Williams. Both of these documents were provided to the defendant. Though the defendant did not know precisely what testimony the Government planned to use, he was reasonably on notice that the January 1995 incident might be introduced as evidence at trial. United States v. Erickson, 75 F.3d 470, 478 (9th Cir.), cert. denied, 116 S.Ct. 1853 (1996). Therefore, the district court did not abuse its discretion in admitting this evidence.
 
 B. Evidence of Knowledge and Intent
 
 7
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.), cert. denied, 117 S.Ct. 405 (1996). The Government presented overwhelming evidence, particularly from the confidential DEA informant, on which the jury could rationally rely to conclude beyond a reasonable doubt that the defendant knew about the illegal drugs and intended to participate in their ultimate sale.
 
 C. Denial of a Continuance
 
 8
 We review the district court's decision to grant or deny a motion for a continuance made during trial for an abuse of discretion. See United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir.1994), cert. denied, 115 S.Ct. 1323 (1995). "To reverse a trial court's denial of a continuance, an appellant must show that the denial prejudiced [the] defense." Id. (internal quotation omitted).
 
 
 9
 One factor in the consideration of whether or not to grant a continuance is "the extent of appellant's diligence in his efforts to ready his defense prior to the date set for [the trial]." United States v. George, 85 F.3d 1433, 1439 (9th Cir.1996) (citation omitted). In this case, the defendant sought and received two continuances, one in September 1995 and the other in December 1995. A third continuance was entered by the court in February 1996 due to a conflicting murder trial. The defendant did not seek a subpoena for his second cousin, however, until January 26, 1996, and did not ask the district court for a continuance until the final day of trial. This does not demonstrate due diligence. The district court did not abuse its discretion in denying the defendant's request for a continuance.
 
 CONCLUSION
 
 10
 After considering all of the defendant's arguments on appeal, we conclude that there was sufficient evidence to support the conviction and the district court committed no reversible error. We therefore AFFIRM.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3